## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 08 CR 1023-2 |
| | ) | |
| | ) | Judge Ronald A. Guzmán |
| FRED HAYWOOD, | ) | |
| Petitioner. | ) | |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, Haywood's motion to compel the government to file Rule 35 motion [341] is denied.

### STATEMENT

The procedural background as summarized by the government in its response brief is as follows. On December 11, 2008, a federal grand jury returned a two-count indictment charging defendant and one other individual with participating in a mortgage fraud scheme. (Dkt. #1.) On February 18, 2009, a superseding indictment was returned adding four additional defendants to the case. (Dkt. # 25.) On April 23, 2012, defendant entered a plea of guilty to Count One of the superseding indictment, pursuant to a written plea agreement with the government. (Dkt. ## 208, 209.) On May 2, 2013, this Court sentenced defendant to 151 months' imprisonment. (Dkt. # 277.) Thereafter, on December 17, 2013, defendant appealed his sentence, and on January 26, 2015, the Seventh Circuit affirmed. *See United States v. Haywood*, 777 F.3d 430 (7th Cir. 2015).

On November 10, 2014, pursuant to 28 U.S.C. § 2255, defendant filed a petition to vacate, set aside, or correct the sentence this Court imposed against him. That case was assigned number 14 CV 9107. Defendant supplemented his petition on February 3, 2015. On August 9, 2015, this Court denied defendant's petition, and declined to grant defendant a certificate of appealability. (*United States v. Haywood*, No. 14 CV 9107 (N.D. Ill.), Dkt. #16.) Once again, defendant appealed, and on April 1, 2016, the Seventh Circuit denied defendant's request for a certificate of appealability and dismissed his appeal. (*United States v. Haywood*, No. 15-2957 (7th Cir.), Dkt. # 19.) The Seventh Circuit later denied defendant's petition for rehearing and rehearing en banc. (*Id.*, Dkt. # 22.)

Defendant has filed a motion entitled "Motion to Compel Government to File a Rule 35 Motion Performing All Promises and Performance Made by the Government." (Dkt. # 341.) According to Haywood, he met with the government on at least ten occasions and assisted in several different cases by providing information and wearing a recording device in an attempt to acquire evidence against certain individuals. Haywood states that he "was promised that [he] would receive a reduction by FBI Agent Jody and AUSA Murray," which could range anywhere

from a third to two-thirds off of his sentence for his cooperation. Defendant asks that the government be compelled to file a Rule 35 motion seeking a two-thirds reduction in his sentence.

As the government notes, defendant cannot seek to compel the government to file a Rule 35(b) motion since the rule "provides a mechanism for the government to seek a reduction in a defendant's sentence based on his substantial cooperation; it nowhere allows a defendant to force the government to seek a Rule 35(b) reduction on his behalf." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013). "Nevertheless, if the government refuses to follow through on a promise to file a Rule 35(b) motion, and that refusal is 'based on an unconstitutional motive' or is 'not rationally related to any legitimate Government end,' . . . the defendant may challenge the government's refusal in a motion under 28 U.S.C. § 2255." *Id.* (citation omitted).

But defendant asserts in his reply in support of his motion that he is "in no way attempting to state that the government refused to file a Rule 35 motion, but was attempting to bring [his] cooperation before this Honorable Court [and] requesting assistance with obtaining the Rule 35 [motion by the government.]." (Def.'s Reply, Dkt. # 349, at 2.)[1] Because defendant has set forth no legal basis on which he can request "assistance" from the Court in "obtaining" a Rule 35 motion from the government (nor is the Court aware of any), his motion is denied.

Date: September **6** , 2016

**Ronald A. Guzmán**
**United States District Judge**

---

[1] According to the government, it may still make a Rule 35(b) motion on behalf of defendant based on his assistance in case number 15 CR 691, pending before Judge Tharp, but "has not yet definitively decided whether it will" do so. (Gov't's Resp., Dkt. # 348, at 3 n.1.)